BRISCOE, Circuit Judge,
concurring:
I, too, would affirm the conviction of Defendant Johnson Kenneth Taylor (“Defendant”). I write separately, however, because I would apply a different standard of review to Defendant’s prosecutorial misconduct claims.

The appropriate standard of review

I perceive our differences regarding the appropriate standard of review arise from our different reading of the issue presented on appeal. The majority identifies the issue raised by Defendant as follows: “Mr. Taylor now contends for the first time on appeal that the prosecutor’s remark was insufficiently addressed by the district court’s instruction.” Majority Op. at 1094. However, this issue, does not appear in Defendant’s opening appellate brief, which contains only three pages of argument. In fact, no mention is made of the district court’s curative instruction — or even the word “instruction.” Instead, Defendant challenges the prosecutor’s alleged misconduct and frames the issue as whether “the government’s appeal to the jury to ‘end the cycle of violence’ on the Southern Ute Indian reservation, by convicting Mr. Taylor as charged, [was] improper and prejudicial so as to require reversal of Mr. Taylor’s conviction[.]” Aplt’s Opening Br. at l.[1]
*1102 We have outlined the standard for appellate review of prosecutorial misconduct claims where the defendant did not move for a mistrial before the district court:
Where there has been no motion for a mistrial or new trial, the district court has not exercised its discretion, and therefore it is meaningless to look for an abuse of discretion. In such cases, we merely review whether the conduct objected to was indeed improper. Whether prosecutorial misconduct occurred is a mixed question of law and fact, which we review de novo. If we conclude that the conduct was improper, we then evaluate whether it warrants reversal. We make this evaluation as follows:
“A prosecutor’s improper statement to the jury is harmless unless there is reason to believe that it influenced the jury’s verdict. In assessing whether the misconduct had such an impact, we consider the trial as a whole, including the curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case ... [T]o warrant reversal, the misconduct must have been flagrant enough to influence the jury to convict on grounds other than the evidence presented.”
United, States v. Gabaldon, 91 F.3d 91, 94 (10th Cir.1996) (citing and quoting United States v. Ivy, 83 F.3d 1266, 1288 (10th Cir.1996)) (alterations in original); see also United States v. Caballero, 277 F.3d 1235, 1242 (10th Cir.2002) (“[A]n allegation of prosecutorial misconduct for which there was a contemporaneous objection presents a mixed question of fact and law that we review de novo.”).
Contrary to the majority’s contention, our prosecutorial misconduct standard does not vary depending upon whether the district court sustained or overruled the defendant’s objection, or whether the defendant objected to the district court’s curative instructions. Compare United States v. Meienberg, 263 F.3d 1177, 1179-80 (10th Cir.2001) (applying the Gabaldon standard where the prosecutor made an improper closing argument, the defendant objected, the district court sustained the objection, and the defendant “did not request a mistrial or seek any further relief’), and United States v. Lonedog, 929 F.2d 568, 572-74 (10th Cir.1991) (applying the same prosecutorial misconduct standard, pre-Gabaldon, where “Lonedog preserved [his claims] by properly objecting,” the objection “was sustained and the question was never answered,” and “Lonedog did not move for a mistrial” or “even request a curative instruction”), with United States v. Pulido-Jacobo, 377 F.3d 1124, 1134 (10th Cir.2004) (applying the same standard where the defendant objected to improper questioning and the district court overruled the objection), United States v. Toles, 297 F.3d 959, 971-72 (10th Cir.2002) (applying the same standard where the defendant objected to an improper closing argument and the district court overruled the objection), and Ivy, 83 F.3d at 1287-88 (same). To be sure, if Defendant had moved for a mistrial, the district court had denied the motion, and Defendant were appealing the denial of the motion, we would then review the district court’s decision for an abuse of discretion. See United States v. Harlow, 444 F.3d 1255, 1265-67 (10th Cir.2006); Gabaldon, 91 F.3d at 93-94.[2] In the instant case, though, where *1103 the district court has not exercised its discretion and Defendant is not challenging any decision Of the district court, our focus is solely on the prosecutor’s alleged misconduct, and we review the alleged misconduct de novo, addressing its effect on the trial as a whole.
The majority creates unnecessary confusion by re-framing the issue which Defendant has set out in his brief to focus on the district court’s curative instructions and failure to declare a mistrial sua sponte.[3] The majority then purports to solve this confusion by applying the plain error standard. Our precedent, however, demonstrates that we only review prosecutorial misconduct claims for plain error where a defendant failed to object at trial to the alleged misconduct. See, e.g., United States v. Oberle, 136 F.3d 1414, 1421 (10th Cir.1998) (reviewing one allegedly inappropriate comment under a de novo standard where defense counsel objected at trial, but then applying a plain error standard where “defense counsel did not object to the remaining comments”).
The majority’s decision also deviates from our usual analysis of a district court’s curative instructions. Ordinarily, in considering prosecutorial misconduct claims, we analyze curative instructions when determining whether the alleged prosecutorial misconduct “influenced the jury’s verdict” and “warrants reversal.” Gabaldon, 91 F.3d at 94. The majority, though, suggests that these same curative instructions now preclude any review of. prosecutorial misconduct claims — except' for plain error — unless a defendant has objected both to the prosecutorial misconduct and to the curative instructions (or moved for a mistrial). This is inconsistent with our precedent. We address curative instructions as part of our harmless error review, rather than as automatically precluding such review in the first place. See id.
The majority’s attempts to distinguish our precedent are unpersuasive. Even assuming that our language in Gabaldon is dicta, we explicitly adopted the Gabaldon standard as part of our holding in Meien-berg, and we reviewed the prosecutorial misconduct claim de novo, using the exact method of analysis that we had suggested in Gabaldon. Meienberg, 263 F.3d at 1180. The detail of the Meienberg court’s analysis in adopting and applying this standard, moreover, refutes any suggestion that “the court simply did not pass on the issue,” as the majority suggests. Majority Op. at 1099. Further, in Oberle, we analyzed several instancds of alleged pros-ecutorial misconduct and determined that plain error only applied to those instances where defense counsel did not object to the prosecutor’s comments:
Defense counsel objected to only one of the challenged comments, one in which the prosecutor stated that Oberle tried to get Jensen a “Fifth Amendment plea *1104 arrangement, showing some wherewithal, some knowledge of the criminal system, I would say.” This comment is reviewed de novo. Because defense counsel did not object to the remaining comments, we review them for plain error.
Oberle, 136 F.3d at 1421 (emphasis added).[4] True, the Oberle court did not specify whether the district court had sustained or overruled the defendant’s objection to the one challenged comment, but this simply demonstrates that the Oberle court was following our precedent and not altering its standard of review depending upon whether the district court sustained or overruled the defendant’s objection.
Indeed, in the only case from this circuit that the majority cites as support for its plain error standard, we reviewed the prosecutorial misconduct claim for plain error “[bjecause defense counsel did not specifically object to the prosecutor’s remarks about the reasonable person standard.” United States v. Gonzalez-Montoya, 161 F.3d 643, 650 (10th Cir.1998) (emphasis added). The lack of precedent from our circuit which directly supports the majority’s position is telling, particularly considering how frequently we review claims of prosecutorial misconduct.

Application to Defendant’s trial

Under the appropriate standard of review applicable to the issues raised, Defendant’s prosecutorial misconduct claim still fails. The two-step process for evaluating claims of prosecutorial misconduct requires us first to “examine whether the conduct was, in fact, improper.” Oberle, 136 F.3d at 1421. As Defendant argues, and the government does not seriously contest, the prosecutor’s appeal to the jury to assist in solving a pressing social problem by convicting Defendant was improper. See, e.g., United States v. Johnson, 968 F.2d 768, 769-70 (8th Cir.1992) (reversing the defendant’s conviction and holding that “the prosecutor’s remarks ... were unduly inflammatory and improper” where the prosecutor’s rebuttal closing argument included the following: “Your decision to uphold the law is very important to society. You’re the people that stand as a bulwark against the continuation of what Mr. Johnson is doing on the street, putting this poison on the street.”); United States v. Solivan, 937 F.2d 1146, 1148-55 (6th Cir.1991) (reversing the defendant’s conviction where, during closing argument, the prosecutor told the jury, “And I’m asking you to tell her and all of the other drug dealers like her that we don’t want that stuff in Northern Kentucky and that anybody who brings that stuff in Northern Kentucky....”); United States v. Monaghan, 741 F.2d 1434, 1442-43 (D.C.Cir. 1984) (holding that the prosecutor’s remarks, in his rebuttal closing argument, that the defendant was not an exemplary police officer and should be held to a higher standard of conduct as a police officer, were improper).
Nevertheless, the prosecutor’s improper comment during opening argument does not warrant reversal. “A prosecutor’s improper statement to the jury is harmless unless there is reason to believe that it influenced the jury’s verdict.... To warrant reversal, the misconduct must have been flagrant enough to influence the jury to convict on grounds other than the evidence presented.” Gabaldon, 91 F.3d at 94. In analyzing whether the prosecutor’s improper statement affected the outcome of the trial, we must “consider the trial as *1105 a whole, including the curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case.” Id. “Thus, factors relevant to determining whether the improper commentary affected the fairness of the trial include whether the instance was singular and isolated, whether the district court instructed the jury that the attorneys’ argument was not evidence, and whether there was substantial evidence of the defendant’s guilt.” Oberle, 136 F.3d at 1420.
Here, the prosecutor made the improper remark during the government’s opening statement. The prosecutor made no further reference to the statement during the remainder of the trial. In United States v. Gallegos, 738 F.2d 378, 383 (10th Cir.1984) (citations omitted), we explained that allegedly improper remarks during the opening statement were harmless, because
[t]he comments were made at the very beginning of the trial in opening statement. The matter was not mentioned again before the jury until the defendant brought it up himself. The evidence against defendant was substantial, if not overwhelming. The comments were not made by the government in closing argument and they were not fresh in the minds of the jurors....
See also United States v. Portillo-Quezada, 469 F.3d 1345, 1352 (10th Cir.2006) (“More importantly, after the incident [during voir dire] the prosecutor made no further attempts at trial to capitalize on the remarks.... ”); Ivy, 83 F.3d at 1288 (“We ordinarily will not reverse if the misconduct was merely ‘singular and isolated.’ ” (quoting United States v. Pena, 930 F.2d 1486, 1491 (10th Cir.1991))). The fact that the trial lasted only three days does not change the singular and isolated nature of the prosecutor’s statement. See United States v. Gordon, 173 F.3d 761, 769 (10th Cir.1999) (“[T]he purported misconduct is insignificant when the trial is considered as a whole. It consisted of -a single question in a two-day proceeding that was not answered by Gordon nor commented on by the prosecutor in closing argument.”).
Moreover, “[a] central assumption of our jurisprudence is that juries follow the instructions they receive.” United States v. Castillo, 140 F.3d 874, 884 (10th Cir.1998); see also Gordon, 173 F.3d at 769 (“Absent evidence to the contrary, we assume the jury follows a curative instruction.”). In this case, Defendant immediately objected to the statement, and the district court instructed the jury to “remember that what the lawyers tell you is not evidence, and the evidence in the case is what you must decide.” Tr. at 161-62. Before opening statements began, the court likewise instructed the jury that “[t]he opening statements are not evidence,” id. at 143, and in the final jury instructions submitted before closing arguments, the court reminded the jury to “consider only the evidence I have admitted in the case” and that “any statements, objections, or arguments made by the lawyers are not evidence in the case,” id. at 686.
Finally, contrary to Defendant’s contention, there was “substantial evidence of [his] guilt.” Oberle, 136 F.3d at 1420. Mr. Boyd testified that Defendant punched him twice in the face and dragged him out of the car, after which someone immediately and repeatedly kicked Mr. Boyd in the face and ribs. Mr. Howe testified that Defendant hit Mr. Boyd and pulled him out of the car; he did not know if Defendant hit Mr. Boyd again. Even Ms. Echo-hawk testified that, although she did not know if Defendant punched Mr. Boyd any additional times, thirty seconds elapsed between the time when Defendant audibly hit Mr. Boyd and the time when Defendant returned to her side. Further, investiga *1106 tors found Mr. Boyd’s blood on both the exterior and interior of the car, including the center console and the passenger door.
Defendant is correct that Mr. Boyd’s testimony and Mr. Howe’s testimony contained some inconsistencies when compared to their statements to the investigator, Officer Koenig. Both Mr. Boyd and Mr. Howe, though, had previously told Officer Koenig that defendant hit Mr. Boyd repeatedly, and most of Mr. Boyd’s inconsistencies dealt with his conduct towards Ms. Echohawk, not the details of the assault itself. As the district court stated, “depending on the version the jury chooses to believe, ... there is sufficient evidence ... that would support a conviction of the [Defendant on Count 1 beyond a reasonable doubt.” Given the strength of the evidence against Defendant, the jury had more than enough evidence to find Defendant guilty beyond a reasonable doubt, notwithstanding the improper statement by the prosecutor.

. The majority mischaracterizes my argument here as allowing "an appellant whose objection was overruled and who subsequently moved for a mistrial [to] simply omit reference to the mistrial motion in its opening brief ... and receive de novo review." Majority Op. at 1098-99. The majority is incorrect. My argument here simply points out that (1) once we know the facts of the case, and (2) precedent provides us with the standard of review (as is the case here), we should not shirk our obligation to follow precedent by *1102 allowing the appellee to re-frame the issue that the appellant has raised. See infra.

. The majority is correct that this affords a criminal defendant a comparatively broad scope of review if he or she does not move for a mistrial or new trial, but our precedent is clear that this is the rule. See Meienberg, 263 F.3d at 1179-80; Gabaldon, 91 F.3d at 93-94. Moreover, given the number of defendants who move for mistrials based on allegations *1103 of prosecutorial misconduct, this rule has hardly ‘'invite[d] litigants to sandbag opponents and the district court,” as the majority contends. Majority Op. at 1096. The majority's explication of the horrors that will result from following our current rule, Majority Op. at 1096 n. 1, greatly overstates the effect of our rule on the incentives of the litigants.

. The majority has allowed the government— rather than Defendant — to frame the issue Defendant has appealed. The government states the issue as follows:
Whether the failure of the district court to declare a mistrial, sua sponte, following Defendant’s objection to an eight-word statement made by the prosecutor during the government’s opening statement to the jury, where Defendant neither moved for a mistrial nor objected to the sufficiency of a curative instruction given by the court, constitutes plain error which should be noticed by this Court.
Aplee. Br. at 1.

. The defendant did move for a mistrial in Oberle, but only in response to the testimony of an FBI agent — not in response to the alleged prosecutorial misconduct. Oberle, 136 F.3d at 1417.